**In the Matter of the Application of CAL-VADA, Inc., Debtor, for relief under Chapter XI, Section 322 of the Bankruptcy Act.**

**No. 49361.**

United States District Court
E. D. New York.
Dec. 16, 1954.

See, also, 103 F.Supp. 269.

---

13.   See Chavez v. Hollywood Post No. 43, supra; Peterson, v. KMTR Radio Corp., supra.

George Knopp, New York City, for debtor.

Max Schwartz, Brooklyn, N. Y., for petitioning creditor.

BYERS, District Judge.

This is a hearing upon a petition to review a decision of the Referee in charge of this debtor proceeding, dated September 14, 1954. He was called upon to deal with a petition filed by a creditor in January of 1954 for an order adjudging the debtor bankrupt, etc., as provided in the Bankruptcy Act.

A hearing, starting on February 24, 1954 and (with adjournments) concluding May 17, 1954, was conducted which revealed that the petition initiating the Chapter XI, 11 U.S.C.A. § 701 et seq., proceeding was filed on April 21, 1951, since which time no steps have been taken to bring it to fruition; certain assets seem to have been permitted to disappear, and there is said to be no property of the debtor in existence now, save a claim against the United States based upon one or more building contracts, which claim thus far has not been allowed.

It appears that the final disposition of that claim depends upon action by the competent authorities of the U. S. Army Corps of Engineers. If the claim produces funds, the creditors will receive something, otherwise not; it has been handled by an officer of the debtor thus far, but the court has been informally advised that an attorney has now been employed in that behalf. Why a trustee chosen by the creditors in a bankruptcy proceeding could not properly present and demonstrate the claim has not been made to appear.

The Referee's decision is (a) that no order pursuant to Sec. 376 of the Act adjudging the debtor a bankrupt should be granted, and (b) that no hearing upon the pending petition under Subd. 2 of that Section should be ordered.

I venture to disagree. It surely was never contemplated by the statute that a Chapter XI proceeding should be permitted to remain moribund while assets listed in the schedules are permitted to disappear into thin air; nor that a plan as to which not one acceptance has been filed during a period of over three years, should be deemed to be sufficiently vital to sustain life in such a proceeding. It may be that a hearing is required under Subd. 2 of Sec. 376 (See 8 Collier, 14th Ed., p. 1386), although the creditor's argument that the original notice of meeting of creditors, dated June 18, 1951, is legally sufficient in that behalf, is at least plausible. To avoid possible question on that subject, the petition to review is sustained, and the proceeding will be remitted to the Referee to conduct such a hearing as the said Subd. 2 of Sec. 376 contemplates, without delay, to the end that appropriate action may be taken to terminate this proceeding as the law contemplates.

Settle order.